**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY*, et al.*<br>*Defendants*. | Civ. A. No. 26-3157 (LLA) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE*, et al.*,<br>*Plaintiffs*,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY*, et al.*<br>*Defendants*. | Civ. A. No. 26-3263 (LLA) |
| DSCC*, et al.*,<br>*Plaintiffs*,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br>*Defendants*. | Civ. A. No. 26-3330 (LLA) |

# CORRECTED JOINT STATUS REPORT

Pursuant to this Court's Order of October 21, 2026 (granting in part and denying in part Plaintiffs' motion for discovery) and Minute Order of October 23, 2026 (consolidating cases), the Plaintiffs and Defendants, through respective counsel, in *NAACP, et al. v. DHS, et al.*, No. 26-3263 (LLA), file this joint status report updating the court on the status of expedited discovery.

***Defendants' Position***

1. Defendants, through counsel, state that they have complied with this Court's Order dated October 21, 2026, which ordered that, "Defendants shall respond to Plaintiffs' first and fourth requests for production by October 26, 2026, and Plaintiffs' third request for production by October 28, 2026." Order, Oct. 21, 2026.

2. **Request for Production Nos. 1 and 4.** On October 26, 2026, Defendants provided to Plaintiffs the government's Responses and Objections to Plaintiffs' Requests for Production Nos. 1 and 4, and contemporaneously transmitted the associated production through the USAfx platform to Plaintiffs' counsel. Defendants filed a Notice of Compliance on the same day. ECF No. 28. On October 28, 2026, Defendants provided Plaintiffs with a privilege log for the production for Request for Production No. 4.

3. **Request for Production No. 3.** On October 27, 2026, Defendants' undersigned counsel met and conferred (remotely) with Plaintiffs' counsel, after exchanging emails about the documents sought by Request for Production No. 3. On October 28, 2026, Defendants provided to Plaintiffs the government's Responses and Objections to Plaintiffs' Requests for Production No. 3, and contemporaneously transmitted the associated production through the USAfx platform to Plaintiffs' counsel. Defendants filed a Notice of Compliance on the same day. ECF No. 29.

4. Defendants understand that Plaintiffs have concerns about apparent deficiencies with the discovery production made by the government. Defendants, through counsel, will work in good faith to expeditiously resolve any issues or concerns that Plaintiffs' counsel have identified with Defendants' production.

5. Defendants propose that the parties file another joint status report in one week, i.e., on November 5, 2026, as to the status of Plaintiffs' discovery concerns.

6. **Defendants Forthcoming Supplement.** Counsel for the parties had tentatively scheduled a meet-and-confer to resolve Plaintiffs' concerns about apparent deficiencies with the discovery production made by the government. The meet-and-confer was scheduled for 3:30 p.m. on October 29, 2026. Defendants' counsel had a hearing in another case on the same day, starting at 2 p.m., and informed Plaintiffs' counsel of the same. *See DSCC, et al. v. Trump, et al.*, No. 26-3674 (hearing on Plaintiffs' motion for expedited discovery and motion for temporary restraining order and preliminary injunction).

7. After counsel for the parties exchanged emails in the morning, Plaintiffs' counsel sent a significant list of questions at 12:43 p.m. on October 29, 2026, to answer over email or at the meet-and-confer. Defendants' counsel responded back at 1:15 p.m. noting that it was "lengthy list" and given that she was preparing for the 2 p.m. hearing, she would "not be able to obtain these answers prior to our meeting . . . [and] will likely not have answers during our meeting." The meet-and-confer was cancelled.

8. Defendants' counsel remains willing to confer with Plaintiffs' counsel as to any issues and questions about Defendants' discovery production made on October 26 and 28, 2026.

***Plaintiffs' Position***

1. The Court ordered expedited discovery because "the condensed timeline that the impending elections demand" left no room for the ordinary discovery process. ECF No. 41 at 8. It set staggered deadlines of October 26 for Requests for Production Nos. 1 and 4 and October 28 for Request for Production No. 3, and directed the parties to report on the status of that discovery on or before October 29. *Id.* at 9. Election Day is November 3, 2026, which is a little more than four days from this filing. Defendants have not complied with the Court's expedited discovery deadlines in at least two respects: (1) incomplete production—namely, materials missing entirely—in response to the Court's order; and (2) deficient production, such that it undermines the nature of the expedited discovery process. Left unaddressed, Defendants' failures will subvert the Court's purpose in ordering expedited discovery: providing Plaintiffs with sufficient information that is exclusively in Defendants' possession to assess whether to seek emergency relief before Election Day. *See id.* at 4–5; ECF No. 36 at 10. For the reasons set forth below, Plaintiffs respectfully request that the Court: (1) order Defendants to serve a privilege log for all and any documents being withheld in response to RFP 3; (2) review in camera the documents Defendants have withheld or redacted; and (3) hold a status conference as soon as practicable.

2. First, Defendants failed to produce materials responsive to the Court's Order. Absent were documents, such as DHS Weeklies, regularly produced by agencies to disseminate changes in agency policy and practice, including potential changes to election-related activities and initiatives. Defendants also failed to produce a privilege log alongside their October 26 production until October 28 and have not confirmed whether one is forthcoming.

3. Second, the materials that were produced were produced in a manner that prevents Plaintiffs from assessing their completeness and adequacy. Though Defendants eventually

produced privilege log for RFP 4 after the production deadline, they appear incomplete, including because the basis for redactions was not accompanied by a declaration as required to invoke the asserted privileges. Without complete information, including which materials and for what reasons Defendants redacted, Plaintiffs cannot fully and fairly litigate their case. Defendants' defective production falls well short of this Court's order. Plaintiffs respectfully request that the Court order Defendants to immediately produce a privilege log and simultaneously provide the withheld documents to the Court for in camera review.

4. Based on review of the incomplete production, Plaintiffs raised basic preliminary questions about the scope and completeness of Defendants' production that Defendants have not sufficiently answered. For example, Plaintiffs inquired about production of the DHS Weeklies announcing agency priorities and policies, including potential changes to election coverage policies; despite Plaintiffs' repeated requests, including at the October 27 meet-and-confer, Defendants failed to produce these documents. Defendants also failed to provide Plaintiffs with sufficient information to assess the adequacy of their production, particularly regarding RFP Nos. 3 and 4. Plaintiffs, for example, asked Defendants to identify the custodians, data sources, search methodology, and other information routinely disclosed in civil discovery to assess the scope of production. Exhibit 1 (Cusick, Oct. 29, 12:43pm Email). Without basic information about who was searched, what repositories were reviewed, and how responsive documents were identified, Plaintiffs cannot assess whether Defendants conducted a reasonable inquiry for responsive materials.

5. Defendants, for example, claim that "custodians and data sources" are "not part of the Court's order (ECF No. 41)" and state that "it is unclear how that determines whether or not Plaintiffs will seek emergency relief." Exhibit 2 (Malycke, Oct. 29, 1:15pm Email). Defendants

ultimately refused to provide that information, asserting that requests for custodians, data sources, and search methodology constituted "new interrogator[ies]" and were not required by the Court's order. Exhibit 3 (Malycke, Oct. 29, 9:17pm Email).

6. Second, the production appears incomplete, and Defendants have refused to commit to a production timeline sufficient for Plaintiffs to meet the October 31 emergency relief deadline and to assess any of the expedited discovery before Election Day. Regarding RFP No. 3, it appears Defendants construed it to only cover "official, formalized policies." Exhibit 1. When Plaintiffs asked whether any documents were being withheld and whether a privilege log existed for RFP No. 3, Defendants responded that it was "unclear" what Plaintiffs meant by asking whether documents were being withheld altogether. Exhibit 3. As a result, Defendants' scope of review for responsive documents may have been unwarrantedly limited. For example, Defendants' review may have excluded records, within the Department of Homeland Security's control, from U.S. Customs and Border Protection, Federal Protective Services, and U.S. Citizenship and Immigration Services. Exhibit 1. Defendants have not provided an answer to this question as of this filing. Additionally, Defendants' scope of production does not appear to include the first component of RFP No. 3. Exhibit 1. Regarding RFP No. 4, Defendants represented that DHS "made a good faith attempt to locate, and provide, documents that supplement or supersede the guidance referenced in both parts 4(a) and 4(b) of RFP No. 4." Exhibit 4 (Malycke, Oct. 28, 8:00 pm Email). Plaintiffs note that the relevant standard governing discovery is "reasonable inquiry" not mere "good faith." Fed. R. Civ. P. 26(g)(1).

7. Plaintiffs' concerns about the completeness of Defendants' production are particularly acute because Defendants have already failed to comply with the Court's Order. Defendants failed to include a requisite privilege log with their October 26 production. *See* ECF

No. 33-1 at 2 ("If any Document is withheld or redacted on a claim of privilege, produce the non-privileged portion and provide a log complying with Federal Rule of Civil Procedure 26(b)(5)(A)."). The Court granted RFP Nos. 1 and 4 as written and set October 26 as the deadline for Defendants' response. ECF No. 41 at 9. Defendants produced the privilege log two days late and only after repeated requests from Plaintiffs.

8. Defendants have not produced any privilege log for RFP No. 3's production, and as of this filing, they have not answered whether any documents are being withheld on privilege grounds. The delay is prejudicial, particularly on this timeline. Plaintiffs cannot assess which documents have been withheld, on what basis, or whether any claim is well founded, and disputes will be moot after Election Day on November 3. Plaintiffs reserve the right to argue that any privilege not timely and properly asserted has been waived.

9. The log is not optional. A party that withholds otherwise discoverable information on a claim of privilege "must: (i) expressly make the claim; and (ii) describe the nature of the documents . . . not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Withholding materials without that notice "is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection." Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment. And the burden rests with Defendants: the party asserting a privilege must establish facts sufficient to show that it applies. *See FTC v. TRW, Inc.*, 628 F.2d 207, 213 (D.C. Cir. 1980); *In re Sealed Case*, 121 F.3d 729, 740 (D.C. Cir. 1997).

10. That burden is heavier for the governmental privileges. Defendants have already invoked both the deliberative process privilege and the law-enforcement privilege with respect to

documents produced on October 26; they are most likely to invoke those privileges in association with additional productions. But the deliberative process privilege and the law enforcement privilege must be formally asserted by the head of the agency with control over the information, or a properly delegated senior official, after personal consideration of the documents, with a specific explanation of why each document is privileged. *See Landry v. Fed. Deposit Ins. Corp.*, 204 F.3d 1125, 1135–36 (D.C. Cir. 2000); *United States v. Reynolds*, 345 U.S. 1, 7–8 (1953). Both privileges are qualified and yield to a showing of need, which the Court weighs document by document. *See In re Sealed Case*, 121 F.3d at 737–38 (deliberative process); *In re Sealed Case*, 856 F.2d 268, 272 (D.C. Cir. 1988) (law enforcement). Thus far, Defendants have baldly and defectively claimed these privileges without complying with the requirements of their invocation in relation to their October 26 production. Defendants' October 28 production lacks even a privilege log noticing the invocation of a privilege. Without a log, neither Plaintiffs nor the Court can begin an analysis of the propriety of Defendants' withholding of information this Court has ordered produced.

11. To recap, Defendants failed to fully comply with the Court's order by turning over all responsive documents; of the documents produced, unexplained redactions and conspicuously missing materials rendered the productions deficient; and did not timely produce privilege logs to enable Plaintiffs to accurately assess the asserted privileges and determine the appropriate response. Repeatedly, Plaintiffs offered to discuss and assist Defendants with production. Defendants pushed back on these efforts to confer and clarify. Defendants' inadequate production frustrates expedited litigation of this case and wastes this Court's resources. Rather than litigate a separate motion to compel, Plaintiffs raise these issues here for expedience and efficiency. Plaintiffs respectfully request that the Court (1) order the prompt production of responsive

documents, including materials improperly withheld from Defendants' productions; (2) require Defendants to provide a complete privilege log for all withheld documents, including those responsive to RFP 3, and submit withheld or redacted documents for in camera review; and (3) hold a status conference as soon as practicable and no later than the end of Monday, November 2, 2026.

12. In camera review is the most efficient way to resolve Defendants' privilege claims on this timeline. *See Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 405–06 (1976) (explaining that in camera review is "a highly appropriate and useful means of dealing with claims of governmental privilege"). Where the volume of withheld material is large, courts in this Circuit have approved review of a representative sample, including in the closely analogous FOIA context. *See Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1151 (D.C. Cir. 1991); *Meeropol v. Meese*, 790 F.2d 942, 958–59 (D.C. Cir. 1986). A log is the necessary first step: it tells the Court what has been withheld and lets Plaintiffs identify the most important documents.

13. A status conference is necessary and consistent with the Court's exercise of "early and continuing control" over the case, including to address "controlling and scheduling discovery." Fed. R. Civ. P. 16(a)(2), (c)(2)(F). A conference before Election Day would let the Court resolve these issues directly and avoid serial filings.

14. Plaintiffs therefore respectfully request that the Court order as follows:

15. Defendants shall serve a privilege log complying with Rule 26(b)(5)(A) for all documents withheld or redacted in their October 28 production by 9am on Saturday, October 31, and shall serve a log simultaneous with each production thereafter.

16. Defendants shall submit for in camera review all documents withheld or redacted on a claim of privilege within 12 hours of the Court's order. If the number of such documents

exceeds 20, the Court will review a random sample of 10 of the documents to assess the applicability of the privilege(s) asserted.

17. The Court will hold a status conference as soon as practicable.

Date: October 29, 2026
Washington, DC

Respectfully submitted,

/s/ I. Sara Rohani
I. Sara Rohani (DC Bar No. 1781155)
Hayley Hahn** (DC Bar No. 90045921)
Victor Olofin*** (DC Bar No. 90030772)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
srohani@naacpldf.org

John S. Cusick*
Brittany Carter***
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

Miranda Galindo***
Rex Chen***
LATINOJUSTICE PRLDEF
475 Riverside Drive, #1901
New York, NY 10115

Kristen M. Clarke (DC Bar No. 973885)
Anthony P. Ashton (D.D.C. Bar No. MD25220)
Max L. Meyers***
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215

JEANINE FERRIS PIRRO
United States Attorney

/s/ Catherine J. Malycke
CATHERINE J. MALYCKE
VA Bar No. 84952
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 809-3495
Catherine.Malycke@usdoj.gov

*Attorneys for the United States of America*

Leah Wong*
Jane Shim*
Patrick Stegemoeller*
Dinesh McCoy*
Niji Jain***
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013

Jasleen K. Singh*
Patrick Berry*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271

/s/ I. Sara Rohani
I. Sara Rohani (DC Bar No. 1781155)
Hayley Hahn** (DC Bar No. 90045921)
Victor Olofin*** (DC Bar No. 90030772)

_/s/ Hayden Johnson_
Hayden Johnson (DC Bar No. 1671830)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW #163
Washington, DC 20006
(202) 579-4582
Hayden.Johnson@protectdemocracy.org

Jessica A. Marsden*
PROTECT DEMOCRACY PROJECT
101 Glen Lennox, Suite 300
Chapel Hill, NC 27517

Benjamin R. Farley (DC Bar No. 90042585)
Imani Franklin (DC Bar No. 90006160)
NATIONAL IMMIGRATION LAW CENTER
PO Box 34573
Washington, DC 20043

*Counsel for Plaintiffs NAACP, MFA, OCA, NUL, and MN8*

Hayne Acon*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
777 6th St. NW, Suite 1100
Washington, DC 20001

*Counsel for Plaintiff SEIU*

Norman L. Eisen (DC Bar No. 435051)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar No. 90010196)
Harold Craig Becker (DC Bar No. 371239)
Tianna Mays (DC Bar No. 90005882)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

*Counsel for Plaintiffs AFT, UFCW, and IUPAT*

NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
Tel: (202) 682-1300
700 14th Street NW, Ste. 600
Washington, DC 20005
srohani@naacpldf.org

John S. Cusick*
Brittany Carter**
NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

* *Admitted pro hac vice*
** *Admission to D.D.C. pending*
*** *Pro hac vice application forthcoming*

Miranda Galindo***
Rex Chen***
LATINOJUSTICE PRLDEF
475 Riverside Drive, #1901
New York, NY 10115

Kristen M. Clarke (DC Bar No. 973885)
Anthony P. Ashton (D.D.C. Bar No. MD25220)
Max L. Meyers***
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215