Outlook

## RE: Deficiencies in RPD No. 1 and 4 - NAACP v. DHS, 26-3263 (D.D.C.)

**From** John Cusick <jcusick@naacpldf.org>
**Date** Thu 2026-10-29 12:43
**To** Malycke, Catherine (USADC) <Catherine.Malycke@usdoj.gov>; Leah Wong <LWong@aaldef.org>
**Cc** Hayden Johnson <hayden.johnson@protectdemocracy.org>; Miranda Galindo <mgalindo@latinojustice.org>; Pooja Chaudhuri <pooja@democracydefenders.org>; jasleen.singh@nyu.edu <jasleen.singh@nyu.edu>; Imani Franklin <franklin@nilc.org>; Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Nusbaum, Abigail S (CIV) <Abigail.S.Nusbaum@usdoj.gov>; Meyers, Max <mmeyers@naacpnet.org>

Afternoon Cate,

As flagged, we write to follow-up with questions about Defendants' production, which can be answered over email, when we meet-and-confer later today, or a combination of both for expediency purposes.

Based on our initial review, we have a few preliminary questions about the scope and completeness of Defendants' production, while we continue identifying questions. In particular, we ask Defendants identify or confirm the following:

1. Custodians: For RFD Nos. 3 and 4, per Defendant, please identify each custodian whose files were collected and searched, along with their titles.

2. Data sources: For RFD Nos. 3 and 4, per Defendant, please identify the sources searched for each custodian, including email, text and messaging applications, shared drives, and any personal devices or accounts used for official business.

3. Search methodology: For RFD Nos. 3 and 4, per Defendant, please provide search terms used, confirm the date range applied, and hit counts by term and custodian, or, if technology-assisted review was used, a description of that process.
    a. For RFD No. 3, it appears Defendants construed it to only cover "official, formalized policies." We understand that it may therefore not include custodial searches and limited the scope of review to exclude other records within DHS's control for CBP, USCIS, and FPS. Is that accurate? If so, we are concerned that search does not comply with the Court's order, which approved RFD No. 3 as written.
    b. For RFD No. 3, did the search not cover the first component that we had discussed multiple times?
    c. For RFD No. 4, in your October 28, 2026 email titled "DHS Privilege Log and RPD No. 4 - NAACP, et al. v. DHS, et al. - 26-3263-LLA (DDC)," you represented that "DHS states that it made a good faith attempt to locate, and provide, documents that supplement or supersede the guidance referenced in both parts 4(a) and 4(b) of RPD No. 4." Please describe the "good faith attempt." As you know, Rule 26(g) requires a reasonable inquiry, not just good faith. To this end, answers to some of the questions above and below will be helpful, but for ease of reference, we'd like to know which offices, custodians, and systems were searched—for example, HSI, ICE leadership, DHS HQ, USCIS/FDNS, CBP; search terms and date range; whether any higher-level DHS or ICE memo authorized or preceded the HSI broadcasts, since 4(b) covers documents that "comprise or otherwise communicate" the directive; and whether Defendants searched for supplementing documents after October 23.

4. Withheld documents: For RFD Nos. 3 and 4, please confirm for each RFD whether any documents are being withheld altogether. Likewise, if there any privilege log for RFD No. 3. We'd also welcome clarification regarding the possibility of protective orders being lifted to allow for removal of some redactions, which you raised during our October 27 meet-and-confer.

5. Potential Gaps: We are still conducting our review. As just one example, the production for RFD No. 3. seems incomplete. Public reporting, for example, indicates that officials in jurisdictions throughout the country have received notices about where DOJ's poll monitors will be sent. Yet Defendants' production only includes a single email correspondence dated October 21, 2026 from a "Trial Attorney" in the Civil Rights Division, Voting Section whose name has been redacted, to the Texas Secretary of State.
   a. For RFD No. 3, based on the production, please confirm whether ICE, HSI, and CBP have any policy at all governing presence at or near voting locations as described in the RFD No. 3.

6. Completeness: Please confirm whether Defendants' production is complete for each request, and if not, when the remaining documents will be produced.

Sincerely,
John

---

**From:** John Cusick
**Sent:** Thursday, October 29, 2026 11:17 AM
**To:** 'Malycke, Catherine (USADC)' <Catherine.Malycke@usdoj.gov>; Leah Wong <lwong@aaldef.org>
**Cc:** Hayden Johnson <hayden.johnson@protectdemocracy.org>; M Galindo <mgalindo@latinojustice.org>; Pooja Chaudhuri <pooja@democracydefenders.org>; jasleen.singh@nyu.edu; Imani Franklin <franklin@nilc.org>; Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Nusbaum, Abigail S (CIV) <Abigail.S.Nusbaum@usdoj.gov>
**Subject:** RE: Deficiencies in RPD No. 1 and 4 - NAACP v. DHS, 26-3263 (D.D.C.)

Thanks, Cate. We'll circulate a calendar invite now. We'll also shortly send some of our initial questions. Regarding the joint status report, for the same timing considerations, we anticipate the parties presenting separate positions. While we are happy to share a draft later today, part of our positions will be incomplete until we have our meet-and-confer.

---

**From:** Malycke, Catherine (USADC) <Catherine.Malycke@usdoj.gov>
**Sent:** Thursday, October 29, 2026 11:09 AM
**To:** John Cusick <jcusick@naacpldf.org>; Leah Wong <lwong@aaldef.org>
**Cc:** Hayden Johnson <hayden.johnson@protectdemocracy.org>; M Galindo <mgalindo@latinojustice.org>; Pooja Chaudhuri <pooja@democracydefenders.org>; jasleen.singh@nyu.edu; Imani Franklin <franklin@nilc.org>; Barragan, Kathryn E (CIV) <Kathryn.E.Barragan@usdoj.gov>; Nusbaum, Abigail S (CIV) <Abigail.S.Nusbaum@usdoj.gov>
**Subject:** RE: Deficiencies in RPD No. 1 and 4 - NAACP v. DHS, 26-3263 (D.D.C.)

[Caution: EXTERNAL EMAIL]

John,

I am in receipt of your email. Let's aim for 3:30 p.m., but note that if my hearing runs over, then we should talk at 4 p.m. Given the timing for today, and the fact our joint status report is due today, please send your questions to me in advance of our meeting.

Also, will you circulate a draft joint status report? I assume that the parties will present separate positions. Once I receive your draft, I will add the government's position.