**UNITED STATES DISTRICT COURT**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY*, et al.*<br><br>*Defendants*. | Civ. A. No. 26-3157 (LLA) |
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE*, et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY*, et al.*<br><br>*Defendants*. | Civ. A. No. 26-3263 (LLA) |
| DSCC*, et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>*Defendants*. | Civ. A. No. 26-3330 (LLA) |

## JOINT MOTION REQUESTING STATUS CONFERENCE

Pursuant to the Court's Minute Order on October 30, 2026, the Plaintiffs and Defendants, through respective counsel, in *NAACP, et al. v. DHS, et al.*, No. 26-3263 (LLA), file this joint motion. Min. Order, Oct. 30, 2026. The parties met and conferred (remotely) at two times today, October 30, 2026 – at 1:30 p.m. and 4:45 p.m. – and exchanged numerous emails, as to Plaintiffs' concerns about Defendants' production, in response to Request for Production Nos. 3 and 4. The government's production was made pursuant to the Court's Order entered October 21, 2026 ("Expedited Discovery Order"). Order, Oct. 21, 2026.

### Plaintiffs' Request for a Status Conference

1. For the reasons described below and explained in the Corrected Joint Status Report, ECF No. 48 at 4–10, Plaintiffs renew their request to discuss the following remaining items, reserving their rights to continue conferring in good faith for any remaining issues with Defendants' production.

2. Plaintiffs' counsel will be available at the Court's convenience on October 31, November 1, and November 2, with a preference for October 31. If any status conference is held over the weekend, because of the timing, Plaintiffs request the status conference be held virtually if the Court has the capacity to do so.

3. Defendants, through counsel, disagree that there is a need for the status conference, as the government maintains that it has complied with this Court's Expedited Discovery Order. Defendants' counsel is not available on October 31, 2026, but is available on the afternoon of November 1, 2026 and any time on November 2, 2026.

**Completeness and Scope of Production for Requests for Production Nos. 3 and 4**

4. Plaintiffs maintain that Defendants have failed to produce responsive materials for Requests for Production Nos. 3 and 4. ECF No. 48 at 4–10. Plaintiffs have continued raising basic preliminary questions about the scope and completeness of Defendants' production, which have not been sufficiently answered. *Id.*

5. Defendants have complied with the Court's Expedited Discovery Order. *See* Notice(s) of Compliance, Oct. 26 and Oct. 28, 2026, ECF No. 28 and 29. Within just three business days, Defendants produced over 1,600 pages of records in response to Plaintiffs' Requests for Production Nos. 1, 3, and 4. Additionally, Defendants have responded to multiple separate questions from Plaintiffs, including clarifying why Defendants produced certain documents and Defendants' understand of the scope of the Requests for Production Nos. 1, 3, and 4. Plaintiffs appear to have expected Defendants to conduct full ESI pulls, reviews, and productions in a matter of days. But the mere running of a production can take a matter of days, not to mention the pulling, processing, and review of data – which could have been an impossibility in the handful of business days that Defendants had to respond. Defendants have explained that they coordinated with the client offices within DHS Headquarters and ICE, likely to have responsive documents, who then conducted a manual search, and – consistent with Rule 34 of the Federal Rules of Civil Procedure – included reasonable objections and explained the scope of Defendants' responses in their responses to the Requests for Production. Plaintiffs may be dissatisfied that Defendants have produced documents that support the position Defendants have maintained: The policy described by Plaintiffs does not exist.

**Department of Homeland Security Weeklies**

6. Based on Plaintiffs' review of production, Plaintiffs continue to have reason to believe Defendants' production lacks DHS announcing agency priorities and policies, including potential changes to election coverage policies. Defendants have failed to produce those documents. ECF No. 48 ¶ 4.

Defendants have complied with the Court's Expedited Discovery Order. *See* Notice(s) of Compliance, Oct. 26 and Oct. 28, 2026, ECF No. 28 and 29. This is the first specific request that Plaintiffs have made–in this Joint Motion–asking for DHS "Weeklies." The Court's Expedited Discovery Order did not require Defendants to respond to any request for production for any DHS "Weeklies." Request for Production No. 4 asked for two specific documents: (1) "the internal DHS guidance, reported by CNN on August 31, 2026, directing Homeland Security Investigations to expand elections-related investigations in at least nine states between early September and mid-October 2026" and (2) "the 2026 DHS memorandum or directive instructing Homeland Security Investigations to coordinate with U.S. Citizenship and Immigration Services in identifying, investigating, or referring for prosecution individuals believed to have registered or voted while not U.S. citizens." Based on Plaintiffs' description, Defendants produced each of those specific documents and further produced documents that "supplement[ed]" or "supersed[ed]" those documents. Defendants additionally responded to Plaintiffs' request for "subsequent weekly directives, updates, surge plans, or implementing guidance relating to the identified directives" by explaining that Defendants—in response to Plaintiffs' request that Defendants conduct a "reasonable, good faith search"—confirmed they had done so by searching for any guidance documents that "supersed[ed] or "supplement[ed]" the two documents Plaintiffs described in Request for Production No. 4. Moreover, Plaintiffs have not pointed to any specific example of a

document they believe should be included—even though based on their questioning they appear to have a specific document in mind.

**“Request for Production No. 4 Privilege Log**

7. Plaintiffs continue to believe that Defendants’ privilege log for Request for Production No. 4 is incomplete. ECF No. 48 ¶ 3. Based on Defendants’ additional responses by email, Plaintiffs also have reason to believe that additional responsive documents should be included on a privilege. Counsel for Defendants represented that DHS and ICE made reasonable inquiries to identify responsive, non-privileged documents. . Plaintiffs have no basis to assess whether Defendants’ determination to exclude what it deemed as privileged documents has any validity.

8. Defendants have complied with the Court’s Expedited Discovery Order. *See* Notic of Compliance, Oct. 26, ECF No. 28. On October 28, Defendants provided a privilege log for Request for Production No. 4. *See* Joint Status Report, Defendants’ Position, ECF No. 48 ¶ 2. As noted above, Request for Production No. 4 requests two specific documents, and any document that “supplements or supersedes” either of those two documents. Defendants provided each of the specified documents, as well as documents that “supplement[]” or “supersede[]” those documents. Defendants have not identified any other responsive, privileged documents and provided a complete privilege log for Request for Production No. 4. Plaintiffs have not provided Defendants with any information as to what documents they believe are responsive or missing or why they “have a reason to believe” that additional responsive, privileged documents have not been produced or logged.

**Email Thread Between Parties' Counsel on October 30, 2026**

9. Although Plaintiffs insist on attaching the parties' counsel's October 30, 2026 email thread as an exhibit to this Joint Motion (with redaction), Defendants' counsel does not consent for a couple of reasons. First, the subject email thread contains over two dozen emails between counsel throughout the day on October 30, 2026, which include discussion between the counsel on Plaintiffs' discovery concerns, as well as topics that are not beyond the scope of substantive discussion about Plaintiffs' discovery dispute. For example, the thread includes, in part, discussion of coordinating the filing of this Joint Motion, whether the Joint Status Report was properly filed, planning Zoom calls between counsel, and time estimates for agency responses. Second, Plaintiffs can sufficiently present their concerns to the Court regarding Defendants' production at a status conference, without needing to attach the parties' counsel's email thread of two-dozen-plus emails (without redaction) as an exhibit to this Joint Motion. Finally, it is not the parties' counsel's emails that are at issue, but whether – according to Plaintiffs – Defendants' production is complete.

10. Plaintiffs believe it would be helpful for the Court's consideration of their request for a status conference and its assessment of the unresolved issues. Because Defendants objected and would not consent to a joint filing that included it, Plaintiffs decided to forgo including it as an exhibit. But Plaintiffs propose sharing a copy of the full email thread with the Court via email if requested by the Court.

[signature block on following page]

Date: October 30, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

*/s/ Catherine J. Malycke*
CATHERINE J. MALYCKE
VA Bar No. 84952
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 809-3495
Catherine.Malycke@usdoj.gov

*Attorneys for the United States of America*

*/s/ I. Sara Rohani*
I. Sara Rohani (DC Bar No. 1781155)
Hayley Hahn** (DC Bar No. 90045921)
Victor Olofin*** (DC Bar No. 90030772)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
srohani@naacpldf.org

John S. Cusick*
Brittany Carter***
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006

Miranda Galindo***
Rex Chen***
LATINOJUSTICE PRLDEF
475 Riverside Drive, #1901
New York, NY 10115

Kristen M. Clarke (DC Bar No. 973885)
Anthony P. Ashton (D.D.C. Bar No.
MD25220)
Max L. Meyers***

Jasleen K. Singh*
Patrick Berry*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
120 Broadway, Suite 1750
New York, NY 10271

Hayne Yoon*
BRENNAN CENTER FOR JUSTICE AT
NYU SCHOOL OF LAW
777 6th St. NW, Suite 1100
Washington, DC 20001

*Counsel for Plaintiff SEIU*

Norman L. Eisen (DC Bar No. 435051)
Pooja Chaudhuri (DC Bar No. 888314523)
Sofia Fernandez Gold (DC Bar No.
90010196)
Harold Craig Becker (DC Bar No. 371239)
Tianna Mays (DC Bar No. 90005882)
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE #15180
Washington, DC 20003

*Counsel for Plaintiffs AFT, UFCW, and IUPAT*

* *Admitted pro hac vice*

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Dr.
Baltimore, MD 21215

Leah Wong*
Jane Shim*
Patrick Stegemoeller*
Dinesh McCoy*
Niji Jain***
ASIAN AMERICAN LEGAL DEFENSE
AND EDUCATION FUND
99 Hudson Street, 12th Floor
New York, NY 10013

/s/ Hayden Johnson
Hayden Johnson (DC Bar No. 1671830)
PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Avenue NW #163
Washington, DC 20006
(202) 579-4582
Hayden.Johnson@protectdemocracy.org

Jessica A. Marsden*
PROTECT DEMOCRACY PROJECT
101 Glen Lennox, Suite 300
Chapel Hill, NC 27517

Benjamin R. Farley (DC Bar No. 90042585)
Imani Franklin (DC Bar No. 90006160)
NATIONAL IMMIGRATION LAW CENTER
PO Box 34573
Washington, DC 20043

*Counsel for Plaintiffs NAACP, MFA,
OCA, NUL, and MN8*

** *Admission to D.D.C. pending*
*** *Pro hac vice application forthcoming*